IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FRANKLIN C. SMITH, : MISC. ACTION No. 11-MC-159
:
    Plaintiff, :
:
v. :
:
ROBERT J. MCCABE, et al., :
: (Civil Action No. 10-CV-33-MSD)
    Defendants. : (Case Pending in the E.D. Va.)

## MEMORANDUM ORDER

AND NOW, this 17th day of August, 2011, for the reasons set forth below, it is hereby ORDERED that Plaintiff's Motion for Reconsideration (ECF No. 3) of this Court's August 3, 2011 Order, which denied Plaintiff's Motion to Quash sixteen subpoenas for medical records served by Defendant on non-parties, is DENIED.[1]

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). The District Court may alter or amend its judgment if the movant demonstrates "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).

---

[1] Plaintiff's Motion is titled both "Notice of Appeal and Reconsider Motion to Quash." (ECF No. 3) The Court of Appeals for the Third Circuit docketed the notice of appeal as U.S.C.A. Case No. 11-3153 and stayed the appeal pursuant to Fed. R. App. P. 4(a)(iv). (ECF Nos. 4/5)

1

Here, Plaintiff has not raised a change in the law, the availability of new evidence, or the need to correct a clear error in the Court's prior Order. Plaintiff's contentions in the Motion for Reconsideration are twofold. First, he asserts that the Court's Order incorrectly assumed that he did not serve the Defendant with his Motion to Quash. The Court explained, however, that "[r]egardless" of whether Plaintiff served the Motion to Quash, "the medical records appear relevant" because Plaintiff "placed his medical condition in issue" by raising claims of excessive force and injury. (ECF No. 2 at 1, 3).

Second, Plaintiff contends that he does not need to prove any injury or produce his medical records to bring a claim for excessive force arising from an incident that occurred when he was a pre-trial detainee. The Third Circuit has held that "the Eighth Amendment cruel and unusual punishments standards. . . apply to a pretrial detainee's excessive force claim <u>arising in the context of a prison disturbance</u>." <u>Fuentes v. Wagner</u>, 206 F.3d 335, 347 (3d Cir. 2000) (internal citations omitted). The Supreme Court recently explained that in evaluating an Eighth Amendment claim, a court should consider "not whether a certain quantum of injury was sustained, but rather 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" <u>Wilkins v. Gaddy</u>, 130 S. Ct. 1175, 1178 (2010) (quoting <u>Hudson v. McMillian</u>, 503 U.S. 1, 7 (1992)). However, "[t]his is not to say that the 'absence of serious injury' is irrelevant to the Eighth Amendment inquiry." <u>Id.</u> (quoting <u>Hudson</u>, 503 U.S. at 7). Examining the extent of the inmate's injury may help determine the amount of force used and whether the force used was plausibly necessary under the circumstances. <u>Id.</u> (quoting <u>Hudson</u>, 503 U.S. at 7). Therefore, Plaintiff's medical records,

which may shed light on his prior medical conditions and alleged injuries, are relevant to Plaintiff's claim that his Constitutional rights were violated by use of excessive force.

For these reasons, the Court will not alter or amend its judgment denying Plaintiff's Motion to Quash. The Motion for Reconsideration (ECF No. 3) is DENIED.

BY THE COURT:

Michael M. Baylson, U.S.D.J.

O:\DE Cases\11-mc-159 Smith v McCabe\Smith v McCabe Memo Order Mot Reconsider.wpd